FILED
2004 JUL 20 AM 10: 38
U.S. DISTRICT...
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

DIRECTV, INC.,

    Plaintiff,

vs.                                           CASE NO. CV-03-J-1682-E

DALE EASTERWOOD,

    Defendant.

**ENTERED**
JUL 20 2004

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 16) and brief in support of said motion (doc. 17), to which the plaintiff has responded (doc. 18).

### I. Factual Background

Plaintiff commenced this action by filing a complaint alleging that the defendant purchased and used illegally modified DIRECTV Access Cards and other devices to view DIRECTV's television programming without authorization by or payment to DIRECTV. Complaint, ¶ 18. More specifically, the plaintiff states that the defendant purchased a "Vector VNG." Id., ¶ 16.

In support of his motion for summary judgment, the defendant submits an affidavit in which he states he purchased "a device via an Internet Web Site which I understood could utilize Smartcard technology for legitimate and legal purposes." Defendant affidavit, ¶ 6. He does not admit purchasing a "Vector VNG" and flatly

19

denies purchasing anything from Shutt. Plaintiff deposition at 8, 22. The plaintiff states that he has never used or attempted to use a Vector VNG, "or any other electronic device, to intercept or otherwise view Plainitff's programming in an unauthorized manner or without payment to Plaintiff for said programming." Defendant affidavit, ¶ 4.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to

2

the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Rule 56(e), Federal Rules of Civil Procedure. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III. Legal Analysis

The allegations of the plaintiff's complaint involve the defendant's use of the device in question to illegally obtain satellite television broadcasting. The defendant has stated under oath he never purchased the device in question. The plaintiff has offered no evidence that the defendant did received that device. Rather, the plaintiff can establish only that something was shipped from Shutt to the plaintiff on July 26, 2000.[1]  Plaintiff exhibit D.  The plaintiff argues that this airbill, showing that something was shipped, together with plaintiff's records showing that the defendant canceled his service with plaintiff on July 23, 2000, creates a genuine issue of material fact as to whether defendant was illegally obtaining plaintiff's service.[2] Plaintiff exhibit B and D.

---

[1] The plaintiff could have proved *receipt* of the device in question by producing Shutt's record of shipment to the plaintiff and Fedex's record showing delivery and receipt of the device in question by the defendant.

[2] In defendant's deposition, he is repeatedly asked why he and his family stopped ordering pay-per-view movies in April, 2000. Defendant depo. at 41-43. The court notes this was three months before the date of the airbill showing something was shipped.

Considering the evidence in the light most favorable to the plaintiff, the court cannot find any genuine issue of material fact in this case. The plaintiff has failed to produce any evidence that the defendant illegally obtained the plaintiffs' satellite programming in any manner. The plaintiff has offered *no evidence* of what was shipped to the defendant in July, 2000. The plaintiff has offered no evidence that "Shutt" sold anything called a "Vector VNG." Viewing the evidence before it in the light most favorable to the plaintiff, the plaintiff has proved that the defendant did not order any pay per view movies from the plaintiff in April, 2000; that three months later, in July, 2000, the defendant received an airbill from "Shutt"; and that the same month the defendant canceled his service with the plaintiff.

Each of the claims before this court require the plaintiff to prove that the defendant actually intercepted plaintiff's transmissions. Even if the plaintiff could prove what was shipped to the defendant in July, 2000, the plaintiff has offered no evidence that the defendant, at any time, illegally received the plaintiff's services. For the plaintiff to prevail at jury trial, a jury would have to speculate as to what was shipped to the defendant, and then, based on the speculation of what defendant received, further speculate as to what the defendant did with a device he has stated under oath he never had. This is simply to insufficient to establish the existence of an element essential to the plaintiff's case, and on which the plaintiff will bear the burden

4

of proof at trial, namely that defendant actually and illegally received plaintiff's transmissions.

## IV. Conclusion

The plaintiff has failed to present any evidence to this court that the defendant's motion for summary judgment should not be granted. The court finds that defendant has satisfied his burden of affirmatively demonstrating the absence of a genuine issue of material fact. *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir.1991) ("If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact" (citations omitted)). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark*, 929 F.2d at 608. The plaintiff has not demonstrated the same.

In consideration of the foregoing, the Court **GRANTS** the defendant's motion for summary judgment. It is therefore **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of the defendant and against the plaintiff on all counts of the complaint.

**DONE** and **ORDERED** this the ___19___ day of July, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE